IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| LISA MOLL, | ) | |
| | ) | |
| Plaintiff, | ) | 2:09-cv-03087-GEB-KJM |
| | ) | |
| v. | ) | <u>REMAND ORDER</u> |
| | ) | |
| TRIO REALTY AND LENDING, INC., a Corporation; AMERICAN BROKERS CONDUIT, type of entity unknown; AMERICAN HOME MORTGAGE CORP, a Corporation; AURORA LOAN SERVICES, type of entity unknown; LEHMAN BROTHERS CO., a Corporation; AMERICAN HOME MORTGAGE SERVICING, INC., a Corporation; and DOES 1 thru 5, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Defendant Aurora Loan Services ("Aurora") removed this case from the Superior Court of Sacramento County in California, asserting that federal question jurisdiction justified removal. However, removal jurisdiction is considered sua sponte since Plaintiff states she has the following claims in the caption of the Complaint: "Complaint for supplying false information; for fraud, for altering documents; and for breach of good faith and fair dealing implied covenant; and for breach of contract."

Aurora states in its notice of removal that Plaintiff's claims "necessarily turn[] on some construction of federal law" because Plaintiff "alleges violations of the Real Estate Settlement Procedures Act [("RESPA")], 12 U.S.C. § 2601, et seq., in that there

1

was a false good faith estimate (12 U.S.C. § 2604; 24 C.F.R. § 3500.7) and estimated closing statement (12 U.S.C. § 2603; 24 C.F.R. § 3500.8)." (Aurora's Notice of Removal ¶ 3).  For the reasons set forth below, this case is remanded to state court.

## I. LEGAL STANDARD DETERMINING FEDERAL QUESTION JURISDICTION

"The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California ex rel. Sacramento Metropolitan Air Quality Management Dist., 215 F.3d 1005, 1014 (9th Cir. 2000) (internal citation and quotations omitted). "Under that rule, [the Court] must look to 'what necessarily appears in the plaintiff's statement of [her] own claim . . . , unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.'" Id.  Further, "[P]laintiff is the 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996)(internal citation omitted).

## III. ANALYSIS

Plaintiff's first claim is for false statements made by Defendant Trio upon which Plaintiff "relied to her detriment" because she signed the loan documents believing the interest rate for the loan was in fact the same as what was stated in the good faith estimate Defendant Trio had previously provided.  (Compl. ¶ XIII, XVII.) Plaintiff alleges in her second claim that Defendant Trio breached the implied covenant of good faith and fair dealing by altering Plaintiff's reported income [on the loan application] . . . to assure

1  Trio that plaintiff herein would 'qualify' for the large loan." (Id. ¶
2  XXI.)  In her third and fourth claims, Plaintiff merely incorporates
3  by reference her previous allegations and alleges that Defendant
4  American Home Mortgage and Defendant Aurora are liable for damages.
5  (Id. ¶¶ XXIV, XXVI.)  Plaintiff references exhibits in her Complaint
6  by stating "see" the exhibit in connection with a stated allegation;
7  however, nothing in Plaintiff's Complaint indicates Plaintiff alleges
8  a federal question.  Plaintiff does not reference in the face of her
9  Complaint the specific RESPA provisions that Aurora references in its
10 Notice of Removal and alleges only state claims for false statements
11 and for breach of the implied covenant of good faith and fair dealing.
12          Aurora also argues in its Notice of Removal that
13 Plaintiff's state claims "necessarily turn[] on some construction of
14 federal law."  "[A] case arises under . . . [federal law when] a right
15 . . . created by [that law is] an element, and an essential one, of
16 the plaintiff's cause of action." International Union of Operating
17 Engineers v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009)
18 (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936)(emphasis
19 added)).  Specifically, a state-law claim presents a federal question
20 when it "necessarily raise[s] a stated federal issue, actually
21 disputed and substantial . . . ."  Grable & Sons Metal Products, Inc.
22 v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005).  "'Arising
23 under' federal jurisdiction only arises, then, when the federal law
24 does more than just shape a court's interpretation of state law; the
25 federal law must be *at issue*."  International Union of Operating
26 Engineers, 559 F.3d at 1045.  "In addition, when a claim can be
27 supported by alternative and independent theories–one of which is a
28 state law theory and one of which is a federal law theory–federal

question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains v. Cirterion Systems, Inc., 80 F.3d 339, 346 (9th Cir. 1996); see also Cortes v. Bank of America, N.A., 2009 WL 4048861, *2 (C.D. Cal. 2009) (remanding case after finding that references to TILA violations in claim for violation of § 17200 do not present claims that "arise under" federal law); California v. H & R Block, Inc., 2006 WL 2669045, *4 (N.D. Cal. 2006) (remanding case after finding that incorporation of TILA violation into claim for violation of § 17200 does not "arise under" federal law).

"Construing [Plaintiff's] "well-pleaded complaint, this court cannot say that [Plaintiff's] right to relief necessarily depends upon construction of a substantial question of . . . federal [RESPA] law." Ultramar America, Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990).  Therefore, the federal court lacks subject matter jurisdiction, and this "case shall be remanded."  28 U.S.C. § 1447(c).

### IV.   CONCLUSION

For the stated reasons, this case is remanded to the Superior Court of Sacramento County in California.

Dated:   January 12, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge